**YUYAN CHEN, Petitioner,**

v.

**Alberto GONZALES, Attorney General of the United States of America, Respondent.**

No. 06–0353–ag.

United States Court of Appeals, Second Circuit.

June 7, 2007.

Benjamin B. Xue, Law Offices of Benjamin B. Xue, P.C., New York, NY, for Petitioner Yuyan Chen.

Joel F. May, Assistant United States Attorney, for Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Kansas City, MO, for Respondent Alberto Gonzales.

PRESENT: Hon. DENNIS JACOBS, Chief Judge, Hon. CHESTER J. STRAUB, Hon. B.D. PARKER, Circuit Judges.

### SUMMARY ORDER

Yuyan Chen, a citizen of the People's Republic of China, seeks review of a December 28, 2005 order of the BIA affirming the August 3, 2004 decision of the Immigration Judge ("IJ") Robert D. Weisel denying her claims for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT"). *In re Yuyan Chen,* No. A97 385 345 (B.I.A. Dec. 28, 2005), *aff'g* No. A97 385 345 (Immig. Ct. N.Y. City Aug. 3, 2004). We assume the parties' familiarity with the underlying facts, procedural history, and the issues presented for review.

When the IJ's decision rests on multiple alternate grounds and the BIA adopts and affirms that decision without expressly addressing each of the grounds, we review

the entire IJ decision and need not confine our review to the grounds expressly addressed by the BIA. *See Ming Xia Chen v. BIA,* 435 F.3d 141, 144 (2d Cir.2006). We review the factual findings of the IJ under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). Under this standard, a finding will stand if it is supported by "reasonable, substantial, and probative" evidence in the record when considered as a whole. *Diallo v. INS,* 232 F.3d 279, 287 (2d Cir.2000) (internal quotation marks omitted).

When an IJ rejects an applicant's testimony based on an adverse credibility determination, the IJ must provide "specific, cogent" reasons for doing so. *Secaida–Rosales v. INS,* 331 F.3d 297, 307 (2d Cir.2003) (internal quotation marks omitted). Those reasons must bear a legitimate nexus to the finding, and must be "valid grounds" for disregarding an applicant's testimony. *See id.* (internal quotation marks omitted). The use of appropriate standards in making credibility determinations is particularly important where, as here, the main source of evidence is the petitioner's testimony. *Id.* "[U]sing an inappropriately stringent standard when evaluating an applicant's testimony constitutes *legal,* not factual error, and we review de novo whether such a standard has been used." *Cao He Lin v. U.S. Dep't of Justice,* 428 F.3d 391, 400 (2d Cir.2005) (internal quotation marks omitted).

■ While the IJ is in the best position to make a credibility determination, this Court has held that "[a]dverse credibility determinations based on speculation or conjecture, rather than on evidence in the record, are reversible." *Secaida–Rosales,* 331 F.3d at 307 (internal quotation marks omitted). The IJ's declaration in his oral

decision that the petitioner's story was "implausible" because "[t]he police have better things to do than to arrest a 17–year–old simply because she finds herself in a store that might possibly be a place where they sell democratic propaganda," is an example of this kind of impermissible conjecture. *See Cao He Lin,* 428 F.3d at 405; *Tyli v. BCIS,* 227 Fed.Appx. 14 (2d Cir.2007) (summary order) (it was inappropriate for an IJ to speculate that petitioner's behavior was not enough to lead to an arrest). This conjecture was especially inappropriate given that the IJ did not cite any record evidence concerning the practice of the police in China when making arrests.

■ The IJ also relied on inconsistencies in the record, primarily between Chen's claim at her credible fear interview and her airport interview that she was persecuted because she worked at a bookstore that sold "pornography," and her asylum application and her hearing, at which she stated that she was accused of selling democratic propaganda. However, Chen also testified, and the IJ seemed to accept, that she did not know the meaning of the word "pornography," and, in addition, she has never seen the contents of the books in question. If the IJ intended to credit Chen's confusion between the terms "pornography" and "propaganda," then this inconsistency in her statements may not go to "the heart of the claim," *Secaida–Rosales,* 331 F.3d at 308.

There are, in addition, three small inconsistencies between Chen's statements at her credible fear interview and her testimony before the IJ, concerning (1) the length of time for which she was detained ("half a month" vs. six days); (2) her duties at the bookstore (showing customers books vs. working the register); and (3) the placement of the books in the store (inside a cabinet vs. on a desk). Given

that these inconsistencies are "relatively minor," they do not, on their own, call into doubt all of the petitioner's testimony. *See Diallo,* 232 F.3d at 288.

■ Where, as here, it is difficult to know whether the IJ would have granted the petition had he not based his adverse credibility determination on inappropriate factors, this Court has remanded the case for a new credibility finding. *See Cao He Lin,* 428 F.3d at 406. Reviewing the record before us, we cannot determine whether the IJ would have found Chen credible in the absence of inappropriate speculation regarding the plausibility of her story. Accordingly, we remand the petition to the IJ for such a finding. *See id.*[1]

While the IJ did not address the petitioner's CAT claim, the BIA's decision stated that "the respondent has not established that it is more likely than not that she would be tortured if removed to China." We agree with this conclusion, and deny the petition with respect to the CAT claim. *See* 8 C.F.R. § 1208.16(c)(4).

For the foregoing reasons, the petition for review is GRANTED as to petitioner's claims of asylum and withholding of removal and DENIED as to petitioner's CAT claim, and the case is REMANDED.

---

1. The IJ and the BIA also discussed the failure of the petitioner to provide corroborating evidence from relatives and friends who were involved in her ordeal and might have supported her story. An IJ is allowed to take a lack of family documentation into account when family members could provide corroborating information regarding the petitioner's story. *See Zhou Yun Zhang v. INS,* 386 F.3d 66, 78 (2d Cir.2004). However, because it is not clear from the decisions of the IJ and the BIA whether they were analyzing the lack of documentation on its own, or in connection with the adverse credibility determination, we ask that on remand the IJ make new findings regarding the failure to provide corroborating evidence.